142 F.3d 446
 81 A.F.T.R.2d 98-1961
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United States of America Plaintiff--Appellee,
v.
David S. HALFHILL Defendant--Appellant.
 No. 97-10257.
D.C. No. CR-96-05103-1-OWW.
 United States Court of Appeals,
Ninth Circuit.
 .
Argued and Submitted March 11, 1998.
Decided April 15, 1998.
 
 Appeal from the United States District Court for the Eastern District of California Oliver W. Wanger, District Judge, Presiding.
 Before CHOY, REINHARDT, Circuit Judges, and RESTANI, Judge.**
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant, David S. Halfhill, appeals from a 12 month and one day prison sentence imposed following his guilty plea for six counts of willfully making and subscribing to a false tax return. Appellant challenges the sentence on two grounds. First, appellant submits that the district court erred by applying the two-level enhancement for use of sophisticated means to evade taxes. Second, appellant challenges the inclusion of unreported income from Canadian securities in the calculation of the tax loss.
 
 I.
 
 3
 Section 2T1.3(b)(2) of the Sentencing Guidelines allows an enhancement of two offense levels if the defendant used sophisticated means to "impede discovery of the nature or extent of the offense." U.S.S.G. § 2T1.3(b)(2)(1992). Sophisticated means "includes conduct that is more complex or demonstrates greater intricacy or planning than a routine tax-evasion case." Id. comment. (n.2). The enhancement applies, for example, "where the defendant used offshore bank accounts or transactions through corporate shells." Id.; see also United States v. Ford, 989 F.2d 347, 351 (9th Cir.1993) (using foreign corporation to "generate corporate foreign tax payments which are then claimed on a domestic personal income tax return as foreign tax credits is sufficiently 'more complex' than 'routine tax evasion" ').
 
 
 4
 Appellant makes two interrelated contentions contesting the district court's application of the sophisticated means enhancement. First, appellant claims that the court misstated the facts underlying its conclusion. Having reviewed both appellant's contentions and the record, we conclude that the court did not misstate the facts.
 
 
 5
 Second, appellant argues that, even taken as a whole, his conduct does not constitute use of sophisticated means to impede the discovery of the nature or extent of the offense. We disagree.
 
 
 6
 Part of appellant's scheme involved an attempt to obscure the nexus between himself and the unreported income by concealing the purchases and sales of motor homes from the IRS. Appellant relies on the fact that he paid by check when purchasing all of the vehicles and was paid by cashier's checks when selling the majority of the vehicles as proof that he did not attempt to hide his activity from the IRS. However, appellant falsified DMV forms, undervalued the amount of a sale, and used fictitious names and a fake wholesaler ID number. He also denied he had an interest in vehicles he bought, and claimed that some of the vehicles were gifts. These suggest that appellant was indeed trying to hide through various means the complete facts about the purchases and sales of the motor homes.
 
 
 7
 In addition to the sales of motor homes, appellant's tax evasion scheme included the transfer of funds through multiple domestic banks. Further obscuring the trail, appellant transferred the funds in increments of less than $ 10,000 to Bank of America accounts bearing the name David Halfhill and his sons' social security numbers. Appellant then transferred funds to a foreign bank, RBC Dominion in Canada. Thus, considering the evidence as a whole, we conclude the district court did not err in finding the appellant used sophisticated means.
 
 II.
 
 8
 At sentencing for a conviction pursuant to 26 U.S.C. § 7206(1), the court determines the defendant's offense level, in part, by calculating the "tax loss." Section 2T1.3 of the Sentencing Guidelines governs this calculation and states in part:
 
 
 9
 (a) Base Offense Level:
 
 
 10
 (1) Level from § 2T4.1 (Tax Table) corresponding to the tax loss, if the offense was committed in order to facilitate evasion of a tax; or
 
 
 11
 (2) 6, otherwise.
 
 
 12
 U.S.S.G. § 2T1.3 (1992).
 
 
 13
 Appellant argues that the district court erred in finding that his failure to report income from RBC Dominion was criminal or willful. Essentially, appellant argues that his failure to report income from RBC could not have been "committed in order to facilitate evasion of a tax" because, while he was aware of his general duty to pay taxes, he was unaware that a taxable event had occurred as to this particular source of income. Thus, he contends pursuant to § 2T1.3, that income should not be included in the total "tax loss" at sentencing.
 
 
 14
 Before reaching the merits, the court notes that the government has the burden of proving appellant's failure to report was willful by a preponderance of the evidence. See Cheek v. United States, 498 U.S. 192, 201-02, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991)(willfulness requires the government prove, in part, that the law imposed a duty and the defendant knew of this duty). The government has not met its burden if the trier of fact credits the defendant's claim of good faith misunderstanding or ignorance of the law. See id. at 202. Contrary to appellant's argument, the government could prevail without presenting additional evidence beyond that of defendant's knowledge.
 
 
 15
 We conclude that the district court did not err in finding that the government met its burden. Contrary to appellant's contention, the record reflects that the court based its finding of willfulness on more than appellant's wealth and education. The evidence in the record characterizes defendant as a "significant investor" who took advantage of exchange rates, corrected misplaced investments revealed on account statements" and gave his broker "explicit" investment instructions. While one witness stated that he personally did not consider defendant "sophisticated" and that he sometimes lost contact with him for months, this does not negate the other evidence of sophistication.
 
 
 16
 Moreover, the evidence indicates that appellant knew of his duty to report the income from RBC because he was given notice of the Sentinel's maturity through RBC's monthly statement for the period ending April 30, 1990. The first page of this statement identifies an April 1, 1990, "due date" or maturity date for the Sentinel, an event triggering a tax consequence. Appellant acknowledged receipt of and familiarity with this document, prohibiting a claim now of ignorance based on either not receiving the Canadian equivalent of the 1099 form or because that form was incorrect. Moreover, appellant's allegations that the monthly statement contained additional information that confused him are insufficient to compel the conclusion that he was unaware of the maturity date of the Sentinel.
 
 
 17
 After considering the evidence of appellant's knowledge of the taxable event and sophistication as an investor, the district court concluded that the government proved by a preponderance of the evidence that appellant knew of his duty to report the income. Thus, the district court's finding that the failure to report the Canadian income occurred in order to facilitate tax evasion was not clear error.
 
 AFFIRM
 
 
 **
 Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by the Ninth Circuit Rule 36-3